1  STEVEN T. GUBNER – State Bar No. 156593
   RICHARD D. BURSTEIN - State Bar No. 56661
2  ROBYN B. SOKOL - State Bar No. 159506
   **EZRA BRUTZKUS GUBNER LLP**
3  21650 Oxnard Street, Suite 500
   Woodland Hills, California  91367
4  Telephone:  (818) 827-9000
   Facsimile:  (818) 827-9099
5  Emails: sgubner@ebg-law.com;
   rburstein@ebg-law.com; rsokol@ebg-law.com
6
   Special Counsel for Bradley D. Sharp,
7  Chapter 11 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                   **LOS ANGELES DIVISION**

11  In re                                    )  Case No. 2:08-bk-32333-BR
                                             )
12  NAMCO CAPITAL GROUP, INC., a             )  Chapter 11
    California corporation,                  )
13                                           )  Adv. Case No.
                                             )
14              Debtor.                      )  **COMPLAINT TO AVOID AND**
                                             )  **RECOVER PREFERENTIAL AND**
15  ─────────────────────────────────       )  **FRAUDULENT TRANSFERS PURSUANT**
                                             )  **TO 11 U.S.C. §§ 547(b), 548(a), 550 and**
16  BRADLEY D. SHARP, CHAPTER 11             )  **502; AND FOR MONEY LENT AND**
    TRUSTEE,                                 )  **OPEN BOOK ACCOUNT; CLAIM**
17                                           )  **DISSALLOWANCE**
                Plaintiff,                   )
18                                           )
         v.                                  )  Date:      [To Be Set by Summons]
19                                           )  Time:
    HAMID DAVID NAHAI, an individual, aka    )  Place:
20  DAVID NAHAI; and NAHAI LAW               )
    CORPORATION, a California corporation,   )
21                                           )
                Defendants.                  )
22       Plaintiff Bradley D. Sharp ("Plaintiff"), the Chapter 11 Trustee for the Estate of Namco

23  Capital Group, Inc., a California corporation (the "Debtor"), alleges as follows:

24
                        **NATURE OF ACTION**
25

26       1.    This is an adversary proceeding brought pursuant to Part VII of the Federal Rules

27  of Bankruptcy Procedure to recover certain transfers made by the Debtor, and certain moneys lent

28  by the Debtor, to or for the benefit of Hamid David Nahai, aka David Nahai, and Nahai Law

1  Corporation, a California corporation (collectively referred to herein as "Defendants") and

2  related relief.  Plaintiff seeks entry of a judgment avoiding the transfers at issue pursuant to 11

3  U.S.C. §§ 547 and/or 548 and recovering the transfers pursuant to 11 U.S.C. § 550, and to

4  recover sums sent, due and owing, and unpaid, and disallowing any claim of the Defendants

5  including pursuant to 11 U.S.C. § 502(d) until Defendants pay the transfers at issue in full to

6  Plaintiff.

7       2.    To the extent that the Defendants have filed a proof of claim or have a claim listed

8  on Debtor's schedules as undisputed, liquidated and non-contingent, or have otherwise requested

9  payment from Debtor (collectively, the "Claims"), this Complaint is not intended to be, nor

10  should it be construed as, a waiver of the Plaintiff's right to object to such Claims for any reason,

11  including, but not limited to Section 502(a) through (j) of the Bankruptcy Code ("Section 502"),

12  and such rights are expressly reserved.  Notwithstanding the reservation of rights set forth above,

13  certain relief pursuant to Section 502 is sought by Plaintiff herein as further stated below.

14       3.    The Plaintiff also reserves his right to bring additional claims for relief including

15  additional avoidance actions against Defendants.  This Complaint is not intended to be, nor

16  should it be construed as, a waiver of the Plaintiff's right to bring such additional claims for relief

17  against Defendants in this action or by way of separate action.

18

19  **JURISDICTION AND CASE BACKGROUND**

20       4.    The within bankruptcy case was commenced on or about December 22, 2008 (the

21  "Petition Date"), when an involuntary petition was filed for relief under Chapter 11 of Title 11 of

22  the United States Code (the "Code"), Bankruptcy Case No. 2:08-bk-32333-BR, which case

23  currently is pending in the Los Angeles Division of the United States Bankruptcy Court for the

24  Central District of California.  The Order for Bankruptcy Relief was entered on January 29, 2009.

25  On or about May 8, 2009, Plaintiff Bradley D. Sharp was appointed the Chapter 11 Trustee.

26  Plaintiff is the duly appointed, qualified and acting Chapter 11 Trustee for the Debtor's

27  bankruptcy estate.

28

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

6. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

7. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F) and (O).

## THE PARTIES

8. Plaintiff brings this action solely in his capacity as the Chapter 11 Trustee for the Debtor's estate.

9. Plaintiff is informed and believes, and based thereon alleges that defendant Hamid David Nahai, aka David Nahai ("Nahai") is, and at all times herein mentioned was, an individual residing in the Central District of California. Nahai, at all times material herein, is a member of the State Bar of California.

10. Plaintiff is informed and believes, and based thereon alleges that Nahai Law Corporation ("Nahai Law") is a corporation organized and existing under and by virtue of the laws of the State of California, and doing business in the State of California and within the jurisdiction of this Court. Plaintiff is informed and believes, and based thereon alleges that at all times herein mentioned, Nahai exercised actual control over Nahai Law without regard to entity formalities. Nahai Law was insufficiently capitalized and its assets have been used for the benefit of its co-defendant herein. Nahai Law's separate form should be disregarded as adherence to the fiction would permit abuse and promote fraud and injustice.

11. Plaintiff is informed and believes, and based thereon alleges, that the Nahai is a long term, personal friend of Ezri Namvar ("Namvar"). In addition to their personal friendship, they also sat on the Board of Directors of Security Pacific Bank together for many years. Namvar was the President, sole Director and sole Shareholder of the Debtor and controlled the Debtor in all respects. Because of Nahai's special relationship with Namvar and Namvar's position with the Debtor, Nahai is an insider of the Debtor within the meaning of § 101(31)(B) and (E) of the Bankruptcy Code and/or is a nonstatutory insider pursuant to applicable bankruptcy case law.

12.     Nahai and the Debtor had a personal and/or professional and/or business relationship that was sufficiently close enough for Nahai to gain an advantage attributable to affinity. Nahai is therefore an insider of the Debtor based on the statutory and/or nonstatutory definitions.

## GENERAL ALLEGATIONS

13.     Plaintiff is informed and believes, and based thereon alleges that prior to the Petition Date, the Debtor had been in business for approximately 20 years.  Debtor's general business model was relatively simple and straightforward - Debtor would borrow money from individuals ("Lender Funds"), most often members of the West Los Angeles Persian community (individually hereinafter referred to as a "Namco Lender"), agree to pay such Namco Lender a fixed rate of return, and the Debtor would then either lend those funds to third parties, at interest rates typically six percent or more higher than the cost of capital payable to the Namco Lender, or invest such funds in various real estate projects.

14.     Section 101(54) of the Code applicable to this case defines the term "transfer" as "(A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property."

## FIRST CLAIM FOR RELIEF

### [To Avoid and Recover Preferential Transfers Against Nahai]

### [11 U.S.C. §§ 547 and 550]

15.     Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 14 inclusive, of this Complaint.

16.     Plaintiff is informed and believes and thereon alleges that Debtor made transfer(s) to Nahai totaling $90,090.00, as more fully set forth on **Exhibit "A"** attached hereto and incorporated herein by this reference (the "Nahai Transfers").

4

17.     Plaintiff is informed and believes, and based thereon alleges, that each of the Nahai Transfers constituted a transfer of property of the Debtor to Nahai.  Plaintiff further is informed and believes, and based thereon alleges, that each of the Nahai Transfers constitutes a "transfer," within the meaning of Section 101(54) of the Code, made within one year prior to the Petition Date.

18.     Plaintiff is informed and believes, and based thereon alleges, that the Nahai Transfers were made to or for the benefit of Nahai as a creditor of the Debtor.

19.     Plaintiff is informed and believes, and based thereon alleges, that the Nahai Transfers were made for or on account of an antecedent debt owing by the Debtor to Nahai before the Nahai Transfers were made.

20.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Nahai Transfers while the Debtor was insolvent.

21.     Plaintiff and informed and believes, and based thereon alleges, that Nahai is an insider of the Debtor.

22.     Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made to Nahai within one year prior to the Petition Date.

23.     Plaintiff is informed and believes, and based thereon alleges, that the Nahai Transfers enabled Nahai, as a creditor, to receive more than it would have received if the Nahai Transfers had not been made and Nahai was to receive payment on its claim only to the extent provided by Chapter 7 of the Code.

24.     For the foregoing reasons, pursuant to Section 547(b) of the Code, Plaintiff may avoid the Nahai Transfers.

25.     Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from Nahai the value of the property transferred under the Nahai Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Nahai Transfers, in a sum according to proof, which Plaintiff believes not to be less than $90,090.00.

5

**SECOND CLAIM FOR RELIEF**

**[To Avoid and Recover Fraudulent Transfers Against Nahai]**

**[11 U.S.C. §§ 548 and 550]**

26.     Plaintiff pleads this Second Claim for Relief in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 – 25 hereof with the same force and effect as if fully set forth herein at length.  Plaintiff brings the Second Claim for Relief in the event that Nahai asserts that one or more of the Transfers was not made on account of antecedent debt.

27.     Each of the Nahai Transfers constituted a transfer of an interest of the Debtor in property.

28.     The Debtor: (i) was insolvent on the date that the Nahai Transfers were made, or became insolvent as a result of such Nahai Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

29.     As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the Nahai Transfers pursuant to Section 548 of the Code.

30.     Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from Nahai the value of the property transferred under the Nahai Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Nahai Transfers, in a sum according to proof, which Plaintiff believes not to be less than $90,090.00.

**THIRD CLAIM FOR RELIEF**

**[For Money Lent Against Nahai]**

31.     Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 14 inclusive, of this Complaint.

32.    Within the four years last past prior to the Petition Date, the Debtor lent to Nahai the sum of $864,153.27.

33.    Despite demand therefor, Nahai has failed and refused to repay the sum lent to the Debtor and is now indebted to the Plaintiff in the sum of $864,153.27.

## FOURTH CLAIM FOR RELIEF

### [For Open Book Account Against Nahai]

34.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 14 inclusive and 32, of this Complaint.

35.    Within the four years last past prior to the Petition Date, Nahai became indebted to the Debtor on an open book account for the sums lent.

36.    Despite demand therefor, Nahai has failed and refused to repay the sum lent to the Debtor and is now indebted to the Plaintiff in the sum of $864,153.27, plus interest thereon as allowed at law.

## FIFTH CLAIM FOR RELIEF

### [For Money Lent Against All Defendants]

37.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 14 inclusive, of this Complaint.

38.    Within the four years last past prior to the Petition Date, the Debtor lent to Defendants the sum of $232,534.51, as shown on the schedule attached hereto as **Exhibit "B."**

39.    Despite demand therefor, Defendants have failed and refused to repay the sum lent to the Debtor and are now indebted to the Plaintiff in the sum of $232,534.51 as shown on Exhibit "B," plus interest thereon as allowed at law.

## SIXTH CLAIM FOR RELIEF

### [For Open Book Account Against All Defendants]

40.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 14 inclusive, and 38, of this Complaint.

41.    Within the four years last past prior to the Petition Date, Defendants became indebted to the Debtor on an open book account for the sums lent.

42.    Despite demand therefor, Defendants have failed and refused to repay the sum lent to the Debtor and are now indebted to the Plaintiff in the sum of $232,534.51, plus interest thereon as allowed at law.


## SEVENTH CLAIM FOR RELIEF

### [Claim Disallowance Against All Defendants]

### [11 U.S.C. § 502]

43.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 42 hereof with the same force and effect as if fully set forth herein at length.

44.    Nahai is a transferee of transfers avoidable under either Section 547 or Section 548 of the Code and an entity from whom property is recoverable under Section 550 of the Code.

45.    Nahai has not paid the amount of the transfers for which Nahai is liable under Section 550 of the Bankruptcy Code.

46.    In addition, Defendants are indebted to Plaintiff as alleged above, and Defendants have not paid the amount of this indebtedness for which Defendants are liable.

47.    Pursuant to 11 U.S.C. § 502(b)(1) and (d), any and all Claims of the Defendants against the Plaintiff and/or Debtor's estates must be disallowed, or reduced, until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

48.    Pursuant to 11 U.S.C. § 502(j), to the extent any and all Claims of the Defendants, and/or their assignee, against the Plaintiff and/or Debtor's estates are deemed previously allowed

1    by the Debtor or the Plaintiff, such must be reconsidered as herein alleged and/or disallowed

2    until such time as the Defendants pays to the Plaintiff an amount equal to the aggregate amount

3    of all the Transfers, plus interest thereon and costs.

4

5                                **PRAYER FOR RELIEF**

6         **WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

7         1.    For a judgment that the Nahai Transfers are avoidable as preferential transfers under

8    11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an

9    amount of not less than $90,090.00, the exact amount to be proven at trial, plus interest at the

10   legal rate from the date of the Transfers;

11        2.    For a judgment that the Nahai Transfers are avoidable under 11 U.S.C. § 548 and

12   that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than

13   $90,090.00, the exact amount to be proven at trial, plus interest at the legal rate from the date of

14   the Nahai Transfers;

15        3.    For all sums lent, due and owing, and unpaid accordingly to proof;

16        4.    Disallowing Defendants' Claims against the Debtor;

17        5.    For attorneys' fees;

18        6.    For costs of suit incurred herein;

19        7.    For interest as allowed at law; and

20        8.    For such other relief as the Court deems just and proper.

21

22   DATED:  January 27, 2011                    **EZRA BRUTZKUS GUBNER LLP**

23

24                                              By: _____

25                                                  RICHARD D. BURSTEIN
                                                    Special Counsel for Bradley D. Sharp,
26                                                  Chapter 11 Trustee

27

28   361805

                                              9

**Bankruptcy Estate of Namco Capital Group**
**1-Year Preference Analysis**

312.40 · Nahai, Hamid

| Item # | Type | Date | Check Number | Disbursement |
|--------|------|------|--------------|--------------|
| 1 | Check | 04/10/08 | Wire Out | $ 30,030.00 |
| 2 | Check | 06/27/08 | Wire out | 25,030.00 |
| 3 | Check | 09/19/08 | Wire Out | 35,030.00 |
| | | | | $ 90,090.00 |

EXHIBIT  A

10

**Bankruptcy Estate of Namco Capital Group**
**Transaction Analysis**
**Nahai Law Corporation**
c/o David (Hamid) Nahai
1875 Century Park E #800
Los Angeles, CA 90067

| # | QB Acct | Entity | A/R Balance |
|---|---------|--------|-------------|
| 1 | 130.98 | Nahai Law Corporation | 232,534.51 |
| | | | $ 232,534.51 |

EXHIBIT  B

11

11:28 AM
10/13/10
Accrual Basis

# NAMCO CAPITAL GROUP, INC.
## Account QuickReport
### All Transactions

| | Type | Date | Num | Name | Payee | Memo | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| **130.98 · Nahai Law Corporation** | | | | | | | | |
| 1 | Check | 01/13/2006 | 48371 | Nahai Law Corporation. | Nahai Law Corporation | Loan | 50,000.00 | 50,000.00 |
| 2 | Check | 04/10/2006 | Wire Out | Nahai Law Corporation. | Domain Cranberry LLC | Loan | 150,000.00 | 200,000.00 |
| 3 | Check | 04/28/2006 | Wire Out | Nahai Law Corporation. | Nahai Law Corporation | Loan Repayment | 20,000.00 | 220,000.00 |
| 4 | Deposit | 07/28/2008 | Dep | Nahai Law Corporation. | deposit | cd borrowed | -140,000.00 | 80,000.00 |
| 5 | Check | 02/16/2007 | Wire Out | Nahai Law Corporation. | Nahai Law Corporation | loan | 50,030.00 | 130,030.00 |
| | | | | | | | 130,030.00 | 130,030.00 |

Total 130.98 · Nahai Law Corporation

Interest, default and lates fees:

| | | |
|---|---|---|
| Interest | 66,923.85 | 196,953.85 |
| Default | 28,896.00 | 225,849.85 |
| Late fees | 6,684.66 | 232,534.51 |
| | 232,534.51 | 232,534.51 |

# REVOLVING PROMISSORY NOTE

$50,000.00
                                                          LOS ANGELES, CALIFORNIA
                                                          January 13, 2006

FOR VALUE RECEIVED, Nahai Law Corporation ("Borrower"), promises to pay to NAMCO CAPITAL GROUP, INC., a Delaware corporation (including any subsequent holder hereof, the "Lender"), or its order, at its office located at 12121 Wilshire Blvd., Suite 1400, Los Angeles, California 90025, or at such other place as the holder hereof may designate, in lawful money of the United States of America, the principal sum of not more than Fifty Thousand and 00/100 Dollars ($50,000.00) (the "Maximum Loan Amount"), or so much thereof as may be outstanding, together with interest which accrues on the outstanding principal balance (the "Principal Balance") from time to time, until paid in full in accordance with the terms, conditions and provisions as hereinafter set forth in this Promissory Note (this "Note").

**INTEREST RATE.** Interest on the Principal Balance of this Note outstanding from time to time shall be computed and calculated based upon a three hundred sixty (360) day year and the actual number of days elapsed, and shall accrue at the rate of Eight percent (8%) per annum (the "Note Rate"). The Note Rate is one interest rate charged by Lender to borrowers, but may not be Lender's lowest rate.

**PRINCIPAL AND INTEREST PAYMENTS.** Payments of interest only shall be due and payable in arrears during the term of this Note. Such monthly payments of interest only shall be in the amount determined by Lender, taking into account the Note Rate and the Principal Balance outstanding from time to time. Payments on this Note shall be due and payable commencing on the first calendar day of the first full calendar month following the funding of this Note, and continuing on the first day of each successive calendar month thereafter until the Maturity Date (defined below). Upon the Maturity Date, the entire unpaid obligation outstanding under this Note, and any other agreements, documents and/or instruments which further evidence the indebtedness evidenced by this Note (collectively, the "Loan Documents") shall become due and payable in full.

All payments due hereunder, including payments of principal and interest shall be made to Lender in United States Dollars and shall be in the form of immediately available funds acceptable to the holder of this Note. Payments for any month which is not a full calendar month shall be prorated on the basis of a thirty (30) day month, based on the actual number of days elapsed.

**APPLICATION OF PAYMENTS.** All payments received by Lender from, or for the account of Borrower, due hereunder shall be applied by Lender, in its sole and absolute discretion, in the following manner, or in any other order or manner as Lender chooses:

        a.      First. To pay any and all interest due, owing and accrued under this Note;

        b.      Second. To pay any and all costs, advances, expenses or fees due, owing and payable to Lender, or paid or incurred by Lender, arising from or out of this Note, and the other Loan Documents; and

        c.      Third. Payment of the Principal Balance on this Note. Payments applied to the Principal Balance shall increase the Available Credit by the amount applied to the Principal Balance (reduced by any unpaid charges and other outstanding amounts under this Note).

HDN 13

"Available Credit" shall mean the Maximum Loan Amount less the sum of the outstanding Principal Balance and all accrued but unpaid interest and other charges owing under this Note.

All records of payments received by Lender and disbursements made by Lender shall be maintained at Lender's office, and the records of Lender shall, absent manifest error, be binding and conclusive upon Borrower. The failure of Lender to record any payment or expense shall not limit or otherwise affect the obligations of Borrower under this Note.

**DISBURSEMENTS.** Borrower may from time to time, at its sole discretion, make requests that funds be disbursed under this Note up to and including, but not to exceed, the Available Credit. Lender will honor such disbursement requests provided that:

(i) Borrower shall be in full compliance and shall not be in default under this Agreement or under any of the Loan Documents, provided, however, that Lender may, in its discretion, elect to make advances despite the existence of a default, and any advance so made shall be deemed to have been made under this Agreement;

(ii) there are at least 30 days remaining until the Maturity Date; and

(iii) Borrower provides and if appropriate, executes and delivers, to Lender such information and/or documentation as Lender may require.

**MATURITY DATE.** On January 13, 2008 (the "Maturity Date"), the entire Principal Balance of this Note, and all unpaid accrued interest thereon, and all other charges outstanding under this Note and/or the other Loan Documents, shall be due and payable without demand or notice. In the event that Borrower does not pay this Note in full on the Maturity Date then, as of the Maturity Date and thereafter until paid in full, the interest accruing on the Principal Balance hereunder shall be computed, calculated and accrued on a daily basis at the Default Rate, as defined below.

**UNPAID INTEREST, CHARGES AND COSTS.** Interest, late charges, costs or expenses that are not received by Lender within five (5) calendar days from the date such interest, late charges, costs, or expenses become due, shall, at the sole discretion of Lender, be added to the Principal Balance and shall from the date due bear interest at the Default Rate until paid.

**HOLIDAY.** Whenever any payment to be made under this Note shall be due on a day other than a day on which Lender is open for business ("Business Day"), including Saturdays, Sundays and legal holidays generally recognized by banks doing business in California, then the due date for such payment shall be automatically extended to the next succeeding Business Day, and such extension of time shall in such cases be included in the computation of the interest portion of any payment due hereunder.

**NO OFFSETS OR DEDUCTIONS.** Except as expressly permitted by this Note, all payments under this Note shall be made by Borrower without any offset, decrease, reduction or deduction of any kind or nature whatsoever, including, but not limited to, any decrease, reduction or deduction for, or on account of, any offset, present or future taxes, present or future reserves, imposts or duties of any kind or nature, that are imposed or levied by or on behalf of any government or taxing agency, body or authority by or for any municipality, state or country. If at any time, present or future, Lender shall be compelled, by any Law, rule, regulation or any other such requirement which on its face or by its application requires or establishes reserves, or payment, deduction or withholding of taxes, imposts or duties, to act such that it causes or results in a decrease, reduction or deduction (as described above) in payment received by Lender under this Note, then Borrower shall pay to Lender such additional amounts, as Lender shall deem

2

*HDN* 14

necessary and appropriate, such that every payment received under this Note, after such decrease, reserve, reduction, deduction, payment or required withholding, shall not be reduced in any manner whatsoever. (However, the foregoing shall not be applicable to the income taxes of Lender or other taxes imposed on the revenues of lenders generally.)

**DEFAULT.** Any one or more of the following events or occurrences shall constitute a default under this Note (hereinafter "Default"):

(i)    Lender does not receive a payment in the amount and within the time and manner as set forth herein, provided that with regard to monthly payments, Borrower shall be allowed a three (3) day grace period before the failure to make the payment will be a Default; or

(ii)    There shall be a default or event of default under any of the Loan Documents, which default or event of default is not remedied during any applicable cure period.

Upon the occurrence of a Default hereunder, Lender may, in its sole and absolute discretion, declare the entire Principal Balance, together with all accrued and unpaid interest thereon, and all other amounts and payments due hereunder, immediately due and payable, without notice or demand, to terminate the obligations of Lender under this Agreement and/or the other Loan Documents, to declare such of the Loan proceeds which have previously been disbursed by Lender under the provisions hereof to be due and payable and terminate any obligation of Lender to disburse the remainder of the Loan proceeds under the provisions hereof, and to exercise any and all rights and remedies of Lender under this Agreement, any and all of the other Loan Documents, at law or equity (including, without limitation, charging any default interest rate provided for in the Note).

**DEFAULT RATE.** From and after the occurrence of any Default in this Note whether by non-payment, maturity, acceleration, non-performance or otherwise, and until such Default has been cured, all outstanding amounts under this Note (including, but not limited to, interest, costs and late charges) shall bear interest at a per annum rate ("Default Rate") equal to the lesser of five percent (5%) over the Note Rate, or the highest rate allowed by applicable law.

**PREPAYMENT.** The principal amount of this Note may be prepaid in whole or in part without any premium or penalty. Any such prepayment shall not result in a reamortization, deferral, postponement, suspension, or waiver of any and all principal or other payments due under this Note.

**LATE CHARGES.** Time is of the essence for all payments and other obligations due under this Note. Borrower acknowledges that if any payment required under this Note is not received by Lender within ten (10) days after the same becomes due and payable, Lender will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment. Because, from the nature of the case, the actual damages suffered by Lender by reason of such administrative expenses and loss of the use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that ten percent (10%) of the amount of the delinquent payment, together with interest accruing on the entire Principal Balance of this Note at the Default Rate, as provided above, shall be the amount of damages which Lender is entitled to receive upon such breach, in compensation therefor. Therefore, Borrower shall, in such event, without further demand or notice, pay to Lender, as Lender's monetary recovery for such extra administrative expenses and loss of use of funds, liquidated damages in the amount of ten percent (10%) of the amount of the delinquent payment (in addition to interest at the Default Rate). The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of Borrower to make timely payments hereunder. Nothing in this Note shall be

3

construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise. The right of Lender to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any of the Loan Documents, or to declare a default hereunder or under any of the Loan Documents.

**COSTS AND EXPENSES.** Borrower hereby agrees to pay any and all costs or expenses paid or incurred by Lender by reason of, as a result of, or in connection with the enforcement of this Note or any other Loan Documents, including, but not limited to, any and all attorney's fees and related costs when such costs or expenses are paid or incurred in connection with the enforcement of this Note and the other Loan Documents, or any of them, or any other rights, remedies or interests of Lender, whether or not suit is filed. Borrower's agreement to pay any and all such costs and expenses includes, but is not limited to, costs and expenses incurred in or in connection with any bankruptcy proceeding, in enforcing any judgment obtained by Lender and in connection with any and all appeals therefrom, and in connection with the monitoring of any bankruptcy proceeding and its effect on Lender's rights and claims for recovery of the amounts due hereunder, any proceeding concerning relief from the automatic stay, proofs of claim, approval of a disclosure statement or confirmation of, or objections to confirmation of, any plan of reorganization. All such costs and expenses are immediately due and payable to Lender by Borrower upon demand therefor by Lender.

**WAIVERS.** Borrower hereby waives grace, diligence, presentment, demand, notice of demand, dishonor, notice of dishonor, protest, notice of protest, any and all exemption rights against the indebtedness evidenced by this Note and the right to plead any statute of limitations as a defense to the repayment of all or any portion of this Note, and interest thereon, to the fullest extent allowed by law, and all compensation of cross-demands pursuant to California Code of Civil Procedure Section 431.70. No delay, omission or failure on the part of Lender in exercising any right or remedy hereunder shall operate as a waiver of such right or remedy or any other right or remedy of Lender.

**MAXIMUM LEGAL RATE.** This Note is subject to the express condition that at no time shall Borrower be obligated, or required, to pay interest on the Principal Balance at a rate which could subject Lender to either civil or criminal liability as a result of such rate being in excess of the maximum rate which Lender is permitted to charge. If, by the terms of this Note, Borrower is, at any time, required or obligated to pay interest on the Principal Balance at a rate in excess of such maximum rate, then the rate of interest under this Note shall be deemed to be immediately reduced to such maximum rate and interest payable hereunder shall be computed at such maximum rate and any portion of all prior interest payments in excess of such maximum rate shall be applied, or shall retroactively be deemed to have been payments made, in reduction of the Principal Balance, as the case may be.

**AMENDMENT; GOVERNING LAW.** This Note may be amended, changed, modified, terminated or canceled only by a written agreement signed by the party against whom enforcement is sought for any such action. This Note shall be governed by, and construed under, the Laws of the State of California.

**AUTHORITY.** Borrower, and each person executing this Note on Borrower's behalf, hereby represents and warrants to Lender that, by its execution below, Borrower has the full power, authority and legal right to execute and deliver this Note and that the indebtedness evidenced hereby constitutes a valid and binding obligation of Borrower without exception or limitation. In the event that this Note is executed by more than one person or entity, the liability hereunder shall be joint and several. Any married person who is obligated on this Note, directly or indirectly,

4

agrees that recourse may be had to such person's separate property in addition to any and all community property of such person.

**LENDER'S RIGHT TO TRANSFER.** Borrower acknowledges and agrees that Lender has the right to transfer, assign or hypothecate all or any part of the Note, to sell participations therein, and to substitute one or more new loans for all or any part of this Note in favor of Lender, and/or to otherwise take such other action as Lender may deem appropriate or desirable in connection with this Note; provided, however, that such transfer, assignment, hypothecation or participation shall be at no material expense to Borrower, and the principal amount and interest rate of this Note shall not be increased, nor shall the term hereof be shortened, without Borrower's consent. Borrower agrees that it shall cooperate fully with Lender in connection with this paragraph and shall execute, and where appropriate, acknowledge, such documents as Lender or its assignee may require in connection therewith.

IN WITNESS WHEREOF, Borrower has executed this Note as of the day and year first above written.

"Borrower"

Nahai Law Corporation

By: _H. David Nahai_

Its: _President_

5

Bankruptcy Estate of Namco Capital Group, Inc.

Amount Due From

Nahai Law Corporation

| Item No. | Date | Principal/Fees | Interest 8.00% | Default Rate 5.00% | Payments | Late Charge 10.00% | Balance |
|---|---|---|---|---|---|---|---|
| 1 | 01/13/06 | $    50,000.00 | | | | | $    50,000.00 |
| | 02/01/06 | | $      211.11 | | | $      21.11 | 50,232.22 |
| | 03/01/06 | | 312.56 | | | 31.26 | 50,576.03 |
| | 04/01/06 | | 348.41 | | | 34.84 | 50,959.29 |
| | 04/10/06 | 150,000.00 | 101.92 | | | 10.19 | 201,071.40 |
| | 04/28/06 | 20,000.00 | 804.29 | | | 80.43 | 221,956.11 |
| | 05/01/06 | | 147.97 | | | 14.80 | 222,118.88 |
| | 06/01/06 | | 1,530.15 | | | 153.02 | 223,802.05 |
| | 07/01/06 | | 1,492.01 | | | 149.20 | 225,443.26 |
| | 07/28/06 | | 1,352.66 | | $   (140,000.00) | 135.27 | 86,931.19 |
| | 08/01/06 | | 77.27 | | | | 87,008.46 |
| | 08/10/06 | | 174.02 | | | 17.40 | 87,199.88 |
| | 09/01/06 | | 426.31 | | | 42.63 | 87,668.82 |
| | 10/01/06 | | 584.46 | | | 58.45 | 88,311.73 |
| | 11/01/06 | | 608.37 | | | 60.84 | 88,980.93 |
| | 12/01/06 | | 593.21 | | | 59.32 | 89,633.46 |
| | 01/01/07 | | 617.47 | | | 61.75 | 90,312.68 |
| | 02/01/07 | | 622.15 | | | 62.22 | 90,997.05 |
| | 02/16/07 | 50,030.00 | 303.32 | | | 30.33 | 141,360.71 |
| | 03/01/07 | | 408.38 | | | 40.84 | 141,809.92 |
| | 04/01/07 | | 976.91 | | | 97.69 | 142,884.52 |
| | 05/01/07 | | 952.56 | | | 95.26 | 143,932.34 |
| | 06/01/07 | | 991.53 | | | 99.15 | 145,023.03 |
| | 07/01/07 | | 966.82 | | | 96.68 | 146,086.53 |
| | 08/01/07 | | 1,006.37 | | | 100.64 | 147,193.54 |
| | 09/01/07 | | 1,014.00 | | | 101.40 | 148,308.94 |
| | 10/01/07 | | 988.73 | | | 98.87 | 149,396.54 |
| | 11/01/07 | | 1,029.18 | | | 102.92 | 150,528.64 |
| | 12/01/07 | | 1,003.52 | | | 100.35 | 151,632.51 |
| | 01/01/08 | | 1,044.58 | | | 104.46 | 152,781.55 |
| | 01/13/08 | | 407.42 | $      254.64 | | 40.74 | 153,484.35 |
| | 02/01/08 | | 648.05 | 405.03 | | 64.80 | 154,602.22 |
| | 03/01/08 | | 996.33 | 622.70 | | 99.63 | 156,320.89 |
| | 04/01/08 | | 1,076.88 | 673.05 | | 107.69 | 158,178.50 |
| | 05/01/08 | | 1,054.52 | 659.08 | | 105.45 | 159,997.55 |
| | 06/01/08 | | 1,102.21 | 688.88 | | 110.22 | 161,898.86 |
| | 07/01/08 | | 1,079.33 | 674.58 | | 107.93 | 163,760.69 |
| | 08/01/08 | | 1,128.13 | 705.08 | | 112.81 | 165,706.72 |
| | 09/01/08 | | 1,141.54 | 713.46 | | 114.15 | 167,675.86 |
| | 10/01/08 | | 1,117.84 | 698.65 | | 111.78 | 169,604.14 |
| | 11/01/08 | | 1,168.38 | 730.24 | | 116.84 | 171,619.60 |
| | 12/01/08 | | 1,144.13 | 715.08 | | 114.41 | 173,593.22 |
| | 01/01/09 | | 1,195.86 | 747.42 | | 119.59 | 175,656.09 |
| | 02/01/09 | | 1,210.08 | 756.30 | | 121.01 | 177,743.47 |
| | 03/01/09 | | 1,105.96 | 691.22 | | 110.60 | 179,651.25 |
| | 04/01/09 | | 1,237.60 | 773.50 | | 123.76 | 181,786.11 |
| | 05/01/09 | | 1,211.91 | 757.44 | | 121.19 | 183,876.65 |
| | 06/01/09 | | 1,266.71 | 791.69 | | 126.67 | 186,061.71 |

Bankruptcy Estate of Namco Capital Group, Inc.
Amount Due From
Nahai Law Corporation

| Item No. | Date | Principal/Fees | Interest 8.00% | Default Rate 5.00% | Payments | Late Charge 10.00% | Balance |
|---|---|---|---|---|---|---|---|
| | 07/01/09 | | 1,240.41 | 775.26 | | 124.04 | 188,201.42 |
| | 08/01/09 | | 1,296.50 | 810.31 | | 129.65 | 190,437.88 |
| | 09/01/09 | | 1,311.91 | 819.94 | | 131.19 | 192,700.92 |
| | 10/01/09 | | 1,284.67 | 802.92 | | 128.47 | 194,916.98 |
| | 11/01/09 | | 1,342.76 | 839.23 | | 134.28 | 197,233.24 |
| | 12/01/09 | | 1,314.89 | 821.81 | | 131.49 | 199,501.43 |
| | 01/01/10 | | 1,374.34 | 858.96 | | 137.43 | 201,872.17 |
| | 02/01/10 | | 1,390.67 | 869.17 | | 139.07 | 204,271.08 |
| | 03/01/10 | | 1,271.02 | 794.39 | | 127.10 | 206,463.59 |
| | 04/01/10 | | 1,422.30 | 888.94 | | 142.23 | 208,917.07 |
| | 05/01/10 | | 1,392.78 | 870.49 | | 139.28 | 211,319.61 |
| | 06/01/10 | | 1,455.76 | 909.85 | | 145.58 | 213,830.79 |
| | 07/01/10 | | 1,425.54 | 890.96 | | 142.55 | 216,289.85 |
| | 08/01/10 | | 1,490.00 | 931.25 | | 149.00 | 218,860.09 |
| | 09/01/10 | | 1,507.70 | 942.31 | | 150.77 | 221,460.88 |
| | 10/01/10 | | 1,476.41 | 922.75 | | 147.64 | 224,007.68 |
| | 11/01/10 | | 1,543.16 | 964.48 | | 154.32 | 226,669.64 |
| | 12/01/10 | | 1,511.13 | 944.46 | | 151.11 | 229,276.34 |
| | 01/01/11 | | 1,579.46 | 987.16 | | 157.95 | 232,000.91 |
| | 01/07/11 | | 309.33 | 193.33 | | 30.93 | 232,534.51 |
| | | $ 270,030.00 | $ 66,923.85 | $ 28,896.00 | $ (140,000.00) | $ 6,684.66 | |

Total Amount Owed to NCG by Nahai Law Corporation                                    $ 232,534.51

FORM B104 (08/07)                                                       2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>**Bradley D. Sharp, Chapter 11 Trustee** | DEFENDANTS<br>**Hamid David Nahai, an individual, aka David Nahai; and Nahai Law Corporation, a California corporation** |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Ezra Brutzkus Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA  91367 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**Complaint to Avoid and Recover Preferential and Fraudulent Transfers; For Money Lent and Open Book Account; Claim Disallowance**

**NATURE OF SUIT** (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
2 12-Recovery of money/property - §547 preference
3 13-Recovery of money/property - §548 fraudulent transfer
1 14-Recovery of money/property  Money Lent/Open Book Account/Claim Disallowance

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et. seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,186,777.78 |

Other Relief Sought

FORM B104 (08/07), page 2                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br><br> NAMCO CAPITAL GROUP, INC., a California corporation | | **BANKRUPTCY CASE NO.** <br><br> 2:08-bk-32333-BR |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br><br> Los Angeles Division | **NAME OF JUDGE** <br><br> The Honorable Barry Russell |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> /s/ Richard D. Burstein | | |
| **DATE** <br> **1/27/2011** | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> **Ezra Brutzkus Gubner LLP** <br> **By: Richard D. Burstein** | |

## INSTRUCTIONS

        The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

        A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

        The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney of Party Name, Address. Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Richard D. Burstein, SBN 56661<br>Ezra Brutzkus Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA  91367<br>T: (818) 827-9000; F: (818) 827-9099<br>rburstein@ebg-law.com<br>*Attorney for Plaintiff* Bradley D. Sharp, Chapter 11 Trustee | |

| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
|---|---|
| In re:<br><br>NAMCO CAPITAL GROUP INC., a California<br>corporation,<br><div align="right">Debtor.</div> | Chapter  11<br><br>Case Number  2:08-bk-32333-BR<br><br>Adversary Number |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><div align="right">Plaintiff(s),</div><br>vs.<br><br>HAMID DAVID NAHAI, an individual, aka DAVID<br>NAHAI; and NAHAI LAW CORPORATION, a California<br>corporation,<br><div align="right">Defendant(s).</div> | (The Boxes and Blank Lines below are for<br>the Court's Use Only) (Do Not Fill Them In)<br><br>**SUMMONS AND NOTICE OF STATUS<br>CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on a date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

KATHLEEN J. CAMPBELL
Clerk of Court

By: _____
Deputy Clerk

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California
February 2010 (COA-SA)                                                                          F 7004-1